UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

DISTRICT 4 LODGE OF THE )
INTERNATIONAL ASSOCIATION )
OF MACHINISTS AND AEROSPACE )
WORKERS, LOCAL LODGE 207, )
f/k/a, IAMAW MAINE LOBSTERING ) 1:21-cv-00275-LEW
UNION – LOCAL 207, *et al.*, )
)
      Plaintiffs, )
)
  v. )
)
GINA M. RAIMONDO, in her official )
capacity as Secretary, United States )
Department of Commerce et al., )
)
      Defendants. )

**ORDER RESERVING FINAL RESOLUTION OF MOTION TO INTERVENE;
GRANTING MOVANTS LEAVE TO OPPOSE
PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF**

The Center for Biological Diversity, Conservation Law Foundation, and Defenders

of Wildlife request expedited consideration of their Motion to Intervene (ECF 13) so that

they may participate and be heard on Plaintiffs' Motion for Temporary Restraining Order

and Preliminary Injunction, which is itself set for expedited briefing and hearing.

Federal Rule of Civil Procedure 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who ... claims
> an interest relating to the property or transaction that is the subject of the
> action, and is so situated that disposing of the action may as a practical matter
> impair or impede the movant's ability to protect its interest, unless existing
> parties adequately represent that interest.

Tracking the language of the Rule, a movant under Rule 24 must demonstrate that four requirements are met in order to intervene as of right: (1) the motion to inteverne must be timely; (2) the movant must demonstrate a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *See In re Efron*, 746 F.3d 30, 34 (1st Cir. 2014). If the movant falls short in some respect in its showing, the Court may grant the movant leave to intervene who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (so-called "Permissive Intervention").

### 1. Timeliness

The Motion to Intervene is without question timely.

### 2. Interest in the Transaction

The Rule Plaintiffs challenge in this action is the product of litigation and rule-making proceedings in which Movants have long been engaged. Their interest in the "transaction" now before the Court is well established.

### 3. Impairment of Interest

Given the Movants' interest in the transaction and their shared wildlife conservation perspective, the Court's imposition of the requested injunctive relief would impair Movant's interest.

### 4.  Adequate Representation

When a movant "seeks to intervene as a defendant alongside a government entity" and the litigation in question challenges adminstative action, there exists a rebuttable presumption that the government will adequately defend its action. *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021). Here, I find on the record presented by Movants that it is likely the rebuttable presumption can be overcome. The rule making process under consideration in this litigation is the product of scientific analysis but also compromise. On one reading of the history of this case, we arrive where we are today because of prodding by conservation-minded members of the public rather than vigorous administrative oversight. Although I have no reason to think that the governmental defendants will not defend the component of their Final Rule being challenged in this litigation, the LMA 1 Restricted Area is controversial, controversy has a tendency to soften the backbone of the political classes, and litigation has some tendency to produce negotiated resolutions not entirely in keeping with the letter of the law. Given these realities, I find it likely that Movants' interest is not adequately represented by Defendants.

<strong>CONCLUSION</strong>

Given the need for expedited determination, and given Movants' showing, Movants' Motion to Intervene is PROVISIONALLY GRANTED, subject to the following CONDITIONS:

Movants are HEREBY GRANTED LEAVE to respond to Plaintiffs' Motion to Temporary Restraining Order and Preliminary Injunction, subject to the same deadline established for Defendant's response.  Following the issuance of my order on Plaintiffs'

Motion, Plaintiffs and Defendants will have 21 days to respond to Movants' Motion to Intervene; Movants will have 14 days to reply. In the event no response is filed in opposition to Movants' Motion to Intervene, the Motion will be granted and Movants will be allowed to intervene as of right as defendants in this matter.

SO ORDERED.

Dated this 6th day of October, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE