UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DISTRICT 4 LODGE OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS LOCAL LODGE 207, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>GINA M RAIMONDO, in her official Capacity as Secretary of the United States Department of Commerce, *et al.*,<br><br>        Defendants,<br><br>CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>        Intervenors. | No. 1:21-cv-00275-LEW |

## ORDER ON DEFENDANTS' AND INTERVENORS' EMERGENCY MOTIONS FOR STAY PENDING APPEAL

Gina M. Raimondo, Janet Coit, and the National Marine Fisheries Service ("NMFS," and, together with Raimondo and Coit, "Defendants"), and the Center for Biological Diversity, Conservation Law Foundation, and Defenders of Wildlife ("Intervenors," and, together with Defendants, the "Movants"), have moved for an emergency stay pending their appeal of my Order dated October 16, 2021 (ECF No. 41) granting Plaintiffs' motion for preliminary injunction to suspend, pending judicial review, Defendants' implementation of a seasonal closure of certain lobster fishing grounds to vertical buoy lines.

## STANDARD OF REVIEW

Pursuant to Rule 8 of the Federal Rules of Appellate Procedure, a party preliminarily enjoined by the District Court may seek a stay of the injunction pending appeal. Fed. R. App. P. 8(a). Ordinarily, the party must first request such relief from the District Court. Fed. R. App. P. 8(a)(1)(A).

The District Court addresses "the same" factors when considering a motion for a stay of a preliminary injunction pending appeal as governed by the issuance of a preliminary injunction in the first instance. *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 44 (1st Cir. 2021). To grant such relief, "a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the [movant's] favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). Of these elements, the movant's likelihood of success on the merits is the weightiest factor. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) (per curiam). While "common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal," *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 150 (D. Mass. 1998), "more than a mere possibility of relief is required." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).

## ANALYSIS

I conclude that Movants are not likely to succeed in appealing the preliminary injunction. I halted the enforcement of the seasonal closure based on what I deemed to be a failure to address whether right whales aggregate in the LMA 1 Restricted Area. *See* Order Mot. Prelim. Inj. 22–23 (ECF No. 41). Identifying where right whales spend their time and targeting interventions towards those areas is an "important aspect," *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut.*

*Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), of saving the species from extinction. It is for this reason, presumably, that NMFS has generally cited known whale-migratory tendencies in support of past fishery closures. I concluded that because NMFS relied so heavily on modeling techniques to justify the closure without providing or explaining their inputs, and contrary to its own past practices did so to the exclusion of providing any evidence that right whales actually pass through the LMA 1 Restricted Area, a deeper examination is warranted to ensure that the closure is based on substantial evidence on the record. The seasonal closure should not evade judicial review based on the lack of meaningful data—especially when a preliminary read of the administrative decision suggests a blinkered adherence to predictive modeling when concrete evidence to solve those uncertainties is reasonably available, as is the case here. *Council, Inc. v. Herrington*, 768 F.2d 1355, 1391 (D.C. Cir. 1985) (an agency "may resolve even substantial factual uncertainties in the exercise of its informed expert judgment," but it "may not tolerate needless uncertainties in its central assumptions when the evidence fairly allows investigation and solution of those uncertainties"). The Movants seek to flag some administrative findings (still not data)[1] now, but when I reviewed their opening salvos and listened to their oral argument, they relied solely on the predictive model and the favorable standard of review. Moreover, when referencing scientific findings during oral argument, the Agency conceded reading to me from a third-party webpage not included in the record. The opportunity remains to rehabilitate that opening presentation in later proceedings, but my preliminary findings for purposes of Plaintiffs' motion for injunctive relief were based on the record presented to me at that time, which omits a substantial evidentiary bases for the model and, in any event, is not conclusive of the merits.

---

[1] *E.g.*, Conservation Groups' Reply at 4 (citing Record of Decision (ECF 25-2) at 22 (referencing in response to public comment, but again in conclusory form, that the LMA 1 seasonal restricted area is "based on the best available information, including recent and historical right whale and other large whale sightings data, acoustic monitoring data, and data on prey distribution")).

On the arguments presented to me, Plaintiffs showed a likelihood of prevailing in their challenge to the closure. Plaintiffs also showed a likelihood that seasonal closures of a large and abundant fishing ground would deal a heavy and irreparable blow not just to the lobstering industry, but to them in particular.[2] Finally, while I recognized that the standard for preliminary injunctions generally favors endangered species, the public's interest in evidence-based rulemaking as well as the balance between certain financial and territorial loss and potentially speculative species management favored preserving the status quo for the course of litigation. I cannot conclude, on the facts before me, that Movants have more than a mere possibility of success with their appeal of my grant of a preliminary injunction.

The remaining factors also counsel against staying the preliminary injunction. Although the government is, in some sense, harmed any time it is prevented from acting on its sovereign prerogative, *see New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers), exalting this concern as a trump card to thwart careful judicial review would prevent plaintiffs from receiving preliminary relief when the government oversteps its bounds. I am not aware of a rule in actions challenging executive agency authority that reduces the role of the federal courts to that of a rubber stamp. Nor, using NMFS' own models, can I conclude that the death of a North Atlantic right whale is likely to occur if the closure is enjoined for the course of this litigation. I also reaffirm my determination that the balance of the equities and the public interest favor a preliminary injunction here—while a request for a stay pending appeal typically has the salutary effect of *preserving* the status quo, the opposite would be true were I to grant the present motion. Given these concerns, preliminary injunctive relief that

---

[2] The localized interests are suitably represented in this litigation by the District 4 Lodge and a few local-industry participants. The closure presents a threat to their livelihood and is at least as concrete and particularized an injury to them as is the Movants' asserted injury related to a local fishery measure said to have relatively low statistical efficacy.

preserves the status quo in the LMA 1 Restricted Area pending judicial review—the duration of which will pale in comparison to NMFS's rulemaking process—is reasonable.

## CONCLUSION

Movants' Emergency Motions for Stay Pending Appeal (ECF Nos. 43, 46) are DENIED.

**SO ORDERED.**

Dated this 5th day of November, 2021.

                                                  /s/ Lance E. Walker
                                                  UNITED STATES DISTRICT JUDGE